# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 1, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

136431

ATTORNEY GENERAL OF THE
STATE OF MICHIGAN,
   Appellant,

v

MICHIGAN PUBLIC SERVICE
COMMISSION, CONSUMERS ENERGY
COMPANY, ADRIAN ENERGY
ASSOCIATION, L.L.C., CADILLAC
RENEWABLE ENERGY, L.L.C.,
GENESEE POWER STATION, L.P.,
GRAYLING GENERATING STATION,
L.P., HILLMAN POWER COMPANY,
L.L.C., TES FILER CITY STATION,
L.P., VIKING ENERGY OF LINCOLN,
INC., VIKING ENERGY OF McBAIN,
INC., and MIDLAND COGENERATION
VENTURE, L.P.,
   Appellees.

SC: 136431
COA: 261747
MPSC: U-013917

_____/

   On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM the April 1, 2008 Court of Appeals judgment that "transmission costs" may be recovered through a power supply cost recovery (PSCR) clause on different grounds. The Court of Appeals followed the binding decision of *In re Detroit Edison Application*, 276 Mich App 216, 229 (2007), which held that "[p]ayments made by Edison for transmission costs . . . are necessarily 'transportation costs,' and therefore are properly recoverable in a PSCR clause." See MCR 7.215(J)(1). Electric utilities can recover two types of power supply costs through a PSCR clause: (1) "booked costs, including transportation costs, reclamation costs, and disposal and reprocessing costs, of fuel burned by the utility for electric generation;" or (2) "booked costs of purchased and net interchanged power transactions." MCL 460.6j(1)(a). The Court of Appeals interpretation does not give any meaning to the limitation that the "transportation costs" must be those "of *fuel* burned by

the utility for electric generation." (Emphasis added). However, the second clause, "booked costs of purchased and net interchanged power transactions," is a technical phrase that has acquired a "peculiar and appropriate" meaning in the regulation of electric utilities to include "transmission costs" charged by third-parties. MCL 8.3a; see *In re Wisconsin Electric Power Company*, unpublished opinion and order of the Public Service Commission, issued September 16, 2002 (Case No. U-12725) at 16. Accordingly, it "shall be construed and understood according to such peculiar and appropriate meaning," MCL 8.3a, and the PSC did not err in permitting Consumers Energy Company to recover transmission costs through its PSCR clause. The Court of Appeals affirmance of the PSC decision is thus affirmed on this alternate ground.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2009

_Corbin R. Davis_
Clerk

0428